■ Marine Midland Bank-New York, Respondent, v. Pacific Seafarers, Inc., et al., Appellants.— Order, Supreme Court, New York County, entered February 13, 1973, unanimously modified, on the law, without costs and without disbursements, insofar as appealed from, and the fifth cause of action of the amended complaint severed, and proceedings under the first, second, third and fourth causes of action against the individual defendants stayed without prejudice to proceedings in arbitration with respect thereto. To the extent that a question is raised as to the propriety of the denial of an application for a more definite statement, it must be dismissed. (CPLR 5701, subd. [b], par. 2.) The plaintiff had loaned large sums of money to the corporate defendants-appellants, which operated various ocean-going vessels, receiving assignments of their interest as collateral. These corporations became defunct and in July, 1966 the individual defendants-appellants, to clear their reputation in order to continue in the shipping business and to stop the running of interest on the corporate obligations, entered into an agreement with the plaintiff in order for the plaintiff to recover as much as possible on the outstanding debts from the proceeds of the properties of the corporations. Within six years of the making of that agreement, the defendants in 1971 achieved a recovery in an antitrust action they had brought against other shipping companies for the restraints which contributed to their original difficulties and default. The plaintiff believes this sum recovered should be used to reimburse plaintiff on the still outstanding debts covered by the 1966 agreement. The court at IC Part granted the motion to dismiss the first cause of action against the corporate defendants only, inasmuch as they were not bound by the July, 1966 agreement. The fifth cause of action is against the corporate defendants only and relates to the part of the first cause of action dismissed at the IC Part. The issue with repect to the fifth cause of action is the Statute of Limitations inasmuch as the original corporate assignments go back to 1963 and 1964. However, the 1963 and 1964 assignments contain the following clause: "(e) in the event that the Assignor shall receive payment of any monies hereby assigned, it shall forthwith turn over the same to the Assignee in the identical form in which received (except for such endorsements as may be required thereon) and, until so turned over, hold the same in trust for the Assignee". Whether this would include the proceeds of an antitrust claim will depend on a trial, but the statute cannot be said to have run. (*Matter of Mason* v. *Busch's Kredit Jewelry Co.*, 19 A D 2d 801.) As to the causes against the individuals, the 1966 agreement contained an arbitration clause covering any disagreement as to "the meaning or implementation of this agreement". Whether an antitrust recovery is covered in the settlement agreement clearly involves its meaning, and so the arbitration clause involved would apply. Concur — Markewich, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.